# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Avian Sheppard, | ) |
|           Plaintiff, | ) Civil Action No.: 4:17-cv-01800-JMC |
| v. | ) **ORDER** |
| Officer Robbie Williamson, Officer Frank Smith, Lt. Luke Lark, Sgt. Sidney Montgomery, | ) |
|           Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 13, 2018. (ECF No. 70.) Within the Report, the Magistrate Judge recommends dismissing Plaintiff Avian Sheppard's ("Plaintiff") Complaint (ECF No. 1) under Federal Rule of Civil Procedure 41(b) because of his failure "to prosecute" and "participate in the litigation of his case." (*Id.* at 2–3.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 70), **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice, and **DENIES AS MOOT** Defendants Sidney Montgomery, Frank Smith, and Robbie Williamson's Motion for Summary Judgment (ECF No. 54) and Defendant Luke Lark's Motion for Summary Judgment (ECF No. 62).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 70.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint against Defendants Lark, Montgomery, Smith, and Williamson (collectively, "Defendants") on July 7, 2017. (ECF No. 1.) Seeking relief under 42

U.S.C. § 1983, Plaintiff maintains that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id.* at 7–9.) Specifically, Plaintiff argues that Defendants assaulted him and failed to provide him with medical assistance when he possessed a "serious medical need" after a dangerous fall. (*Id.*) Plaintiff requested a preliminary injunction and temporary restraining order on July 17, 2017 (ECF No. 9), and his request was denied as moot on December 19, 2017. (ECF No. 47.)

Defendants Montgomery, Smith, and Williamson filed their Motion for Summary Judgment on March 18, 2018, maintaining, among many other arguments, that they were not "deliberately indifferent" to Plaintiff's medical needs, acted within their official capacities, and are entitled to qualified immunity. (ECF No. 54-1 at 5–13.) On March 19, 2018, the Magistrate Judge issued a *Roseboro* order to Plaintiff, advising him of the procedures regarding summary judgment and the consequences of failing to respond.[1] (ECF No. 55.) Defendant Lark filed his Motion for Summary Judgment on June 1, 2018. (ECF No. 62-1.) Defendant Lark forcefully argues that he is entitled to qualified immunity, acted objectively reasonable, and Plaintiff's claims fail to give rise to a constitutional violation. (*Id.* at 4–11.) On June 6, 2018, the Magistrate Judge issued a second *Roseboro* order to Plaintiff. (ECF No. 66.) Plaintiff did not respond to either of Defendants' Motions for Summary Judgment, which prompted the Magistrate Judge to issue an order informing Plaintiff that he had ten (10) days to respond to the Motions for Summary Judgment. (ECF No. 67.) Plaintiff failed to respond to either Motion for Summary Judgment.

The Magistrate Judge filed his Report on August 13, 2018. (ECF No. 70.) Within his Report, the Magistrate Judge declined to address the merits of Plaintiff's Complaint or the defenses

---

[1] A *Roseboro* order requires district courts to provide an explanation of summary judgment procedures for *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

raised by Defendants. (*See id.* at 1-3.) Rather, the Magistrate Judge recommends that the court dismiss Plaintiff's Complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b). (*Id.* at 2-3.) The Magistrate Judge reasons that Plaintiff has "failed to prosecute [his] case" and was warned that "[this] failure" could result in dismissal under Rule 41(b). (*Id.*) According to the Magistrate Judge, "[n]o other conclusion is reasonable" because "Plaintiff has failed to participate in the litigation of his case . . . [and] has abandoned this action." (*Id.* at 3.) In addition to providing the court with his recommendation, the Magistrate Judge advised both parties of their rights to file specific objections to the Report. (ECF No. 70-1 at 1.) Neither Plaintiff nor Defendants have objected to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report

results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on August 13, 2018. (ECF No. 70-1 at 1.) Objections to the Report were due by August 27, 2018. (*Id.*) Upon review of the record, neither Plaintiff nor Defendants have filed any objections to the Report. In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. In the instant case, the court has carefully examined the findings of the Report and concludes that Plaintiff has failed to prosecute his case. (ECF No. 70 at 2–3.) Specifically, Plaintiff has not responded to any of Defendants' Motions for Summary Judgment or communicated with the court since June 2017. (*See id.*) Because specific objections were not filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 70), **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice,[2] and **DENIES AS MOOT** Defendants' Motions for

---

[2] The Magistrate Judge's Report and Recommendation does not clearly specify whether the court should dismiss Plaintiff's Complaint with or without prejudice. (*See* ECF No. 70 at 2–3.) When determining whether to dismiss a plaintiff's action with prejudice, the court must balance: "(1) the

4

Summary Judgment (ECF Nos. 54, 62).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 11, 2019
Columbia, South Carolina

---

degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (quoting *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)). Here, Plaintiff is entirely responsible for his case because he is proceeding *pro se*. Defendants have not been able to discern Plaintiff's position on their Motions for Summary Judgment because of his lack of response. Moreover, Defendants have been subject to this action since July 7, 2017, and have not received any communication from Plaintiff since July 21, 2017. (*See* ECF Nos. 1, 10.) Lastly, Plaintiff has not responded to any orders from the Magistrate Judge and acted in a "dilatory fashion." *Herbert*, 877 F.2d at 270. Because Plaintiff has not filed anything with the court since June 21, 2017, the court cannot discern a less drastic alternative to dismissal. (*See* ECF No. 10.) For these reasons, the court dismisses Plaintiff's action with prejudice.